UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REGINALD BELL, JR.,

    Plaintiff,

    v.

KING COUNTY CASA DEPENDENCY PROGRAM, et al.,

    Defendants.

CASE NO. C10-0376-MJP-MAT

ORDER ON PENDING MOTIONS

Pending before the Court are numerous motions, several of which are dispositive. The Court has reviewed the papers filed in support of and in opposition to the motions and **ORDERS** as follows:

    1.    The Court **GRANTS** defendants' motions to stay discovery pending resolution of all dispositive motions and the issuance of a scheduling order on any remaining claims. (Dkts. **89**, **94**) Defendants' dispositive motions seek either dismissal or pre-discovery summary judgment based upon undisputed facts. If necessary, the Court will request additional affidavits or declarations from plaintiff or permit limited discovery on discrete issues. *See* Fed. R. Civ. P. 56(d).

2. The Court **DENIES** plaintiff's motion to join claims and parties in order to issue a writ of prohibition against the King County Juvenile Court and to have that court return custody of his children to him. (Dkt. **75**.) First, it is well-settled that federal courts should abstain from adjudicating domestic relations cases, including those involving custody of children. *See Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983). Even if a case raises constitutional issues, abstention is proper if the case, at its core, is a child custody dispute. *See Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987). Second, a federal district court is not a state appellate court that will issue a writ of prohibition against a lower state court such as the King County Juvenile Court. In general, a writ of prohibition is "[a]n extraordinary writ issued by an appellate court to prevent a lower court from exceeding its jurisdiction or to prevent a nonjudicial officer or entity from exercising a power." BLACK'S LAW DICTIONARY (9th ed. 2009).

3. The Court **GRANTS** defendant David Hoekendorf's motion to strike plaintiff's improperly filed surreply brief. (Dkt. **97**.) The Court did not request plaintiff's surreply (Dkt. **92**) and therefore **STRIKES** it.

4. The Court **DENIES** plaintiff's motion for an extension of time to file a reply to the answer filed by the DSHS defendants. (Dkt. **114**.)

5. The Court **GRANTS** the DSHS defendants' motion to strike plaintiff's reply to the answer filed by the DSHS defendants. (Dkt. **120**.) The Court did not request a reply to the answer filed by the DSHS defendants (Dkt. **117**) and therefore **STRIKES** it.

6. The Court **GRANTS** plaintiff's unopposed motion for an extension of time to file a response to defendant David Israel's motion to dismiss. (Dkt. **115**.) Plaintiff has since

filed a response (Dkt. 118), and defendant Israel has filed a supplemental reply (Dkt. 121).

7. The Court **DENIES** plaintiff's motion to allow a reply to the DSHS defendants' affirmative defenses in the defendants' answer. (Dkt. **126**.) The Court finds that a reply to the answer is not warranted.

8. The Court **DENIES** plaintiff's motion for default against defendant Sharon Vanardo Rhodes. (Dkt. **128**.) Defendant Vanardo Rhodes has filed responsive papers in the form of a motion to dismiss and for summary judgment. (Dkt. 123.)

9. The Court **RENOTES** the pending dispositive motions for consideration on the **July 8, 2011**, the same day on which defendant Vanardo Rhodes' dispositive motion is noted. Thus, the Court renotes the dispositive motions by defendants Vera Jean (Dkt. **68**), Dennis Lee (Dkt. **72**) David Hoekendorf (Dkt. **73**), David Israel (Dkt. **87**), King County (Dkt. **90**).

10. The Court also **RENOTES** defendant King County's motion for a pre-filing order (Dkt. **88**) and plaintiff's motion for reconsideration of his denied motion for reconsideration (Dkt. **116**) for **July 8, 2011**. The Court will benefit from considering these motions alongside defendants' dispositive motions and will address the issues raised in a Report and Recommendation.

DATED this 5th day of July, 2011.

Mary Alice Theiler
United States Magistrate Judge