UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REGINALD BELL, SR.,

    Plaintiff,

    v.

JENNIFER JACKSON, et al.,

    Defendants.

CASE NO. C10-0376-MJP

ORDER

This matter comes before the Court on Bell's objections to Magistrate Judge Theiler's Report and Recommendation (Dkt. No. 171). Having reviewed the Fourth Amended Complaint in this 42 U.S.C. § 1983 action, the pending motions, the Report and Recommendation of United States Magistrate Judge Mary Alice Theiler (Dkt. No. 171), Plaintiff's objections to that report (Dkt. No. 173, 172, 179, 181), Defendants' replies (Dkt. Nos. 174, 175, 176, 177, 178, 180, 182, and 183), the governing law, and the balance of the record, the Court issues the following ruling.

**Background**

Plaintiff Reginald Bell ("Bell") is a state prisoner who alleges defendants conspired to

violate his constitutional rights to due process and family association by kidnapping his children as retaliation for Bell accessing the courts. (Dkt. No. 40, Fourth Amended Complaint at 21-60.) Defendants are Department of Health and Human Services ("DHHS") caseworkers, the volunteer guardian ad litem ("GAL") for the children and her legal advisors in King County Superior Court, and attorneys who were involved in dependency and parental termination proceedings or criminal matters. (Id. at 5-10.)

In the Report and Recommendation, Magistrate Judge Theiler recommended the Court dismiss or grant summary judgment in favor of (1) the DHHS caseworkers (Jackson, Minnis, Burton, Marrs, Nystrom and Harris) for failure to state a claim, collateral estoppel and immunity; (2) the attorneys involved in the dependency proceedings or criminal matters (Varnado-Rhodes, Hoekendorf, Jean, and Israel) because Defendants are not state actors for § 1983 purposes, Plaintiff fails to state a claim, and/or Plaintiffs' claims are time-barred; (3) Community Correction Officer Lee because Plaintiffs' claims are time-barred and Plaintiff fails to state a claim, (4) the King County Defendants who coordinate the CASA Program (Milano, Irwin and Nagel) based on the Rooker-Feldman Doctrine and quasi-judicial immunity. CASA is a program run by the state superior court and serves children under 12 years of age who have allegedly been abused or neglected, and a trained CASA volunteer represents the best interests of the child throughout the legal proceedings.

**Discussion**

1. Dispositive Motions

Bell filed two objections to Magistrate Judge Theiler's Report and Recommendation, which together exceed the Local Rules's twelve-page limit for objections by seventy-some

01 pages.  See Local Rule 72.   In response, Defendants request Bell's objections be stricken.

02 The Court declines to do so since, even considering the objections in their entirety, Bell's

03 objections are unpersuasive. Bell's objections largely repeat factual arguments made before

04 Magistrate Judge Theiler but do not address the legal basis for which his claims fail.

05       First, Bell's claims against the DHHS social workers fail due to collateral estoppel and

06 qualified immunity.   While Bell argues in his objections that he was not a party to the state

07 court proceeding and therefore collateral estoppel does not apply, the Court finds the argument

08 unavailing. (Dkt. No. 173, Pltf's Objs to R&R at 15-21.)   As Magistrate Judge Theiler noted,

09 Bell received adequate notice of all hearings related to the dependency, Bell refused to

10 participate in court hearings, adequate services were offered to Bell and he did not avail himself

11 of those services; and Bell did not visit his children during the entirety of the dependency

12 process. (Dkt. No. 148-1.)   Collateral estoppel applies because Bell was a party to the

13 proceeding even if he refused to participate.   To the extent Bell argues collateral estoppel does

14 not apply because no state court judgment was issued, the record clearly contradicts him.   (See

15 Dkt. No. 144-8.)

16       In addition, Bell's claims fail because the DHHS social workers are entitled to absolute

17 immunity.   As held in Miller v. Gammie, social workers are entitled to absolute immunity for

18 the discretionary decisions and recommendations they make during dependency proceedings.

19 335 F. 3d 889, 897 (9th Cir. 2003).   The only exception is if social workers fabricate evidence.

20 Beltran v. Santa Clara County, 514 F.3d 906, 908 (9th Cir. 2008).   Here, Bell failed to support

21 his allegations that the DHHS social workers fabricated evidence in the dependency

22 proceedings; therefore, the DHHS workers remain absolutely immune from suit.   See Beltran

v. Santa Clara County, 514 F.3d 906, 908 (9th Cir. 2008).   Since collateral estoppel and absolute immunity applies to the DHHS social workers, the Court finds Bell's objections fail and GRANTS summary judgment in favor of the DHHS social workers.

Second, Bell's claims against his criminal and dependency proceedings attorneys (Hoekendorf, Israel, Jean and Varnado-Rhodes) are either time-barred or without merit.   Bell's claim against Hoekendorf is that, in February 2006, Hoekendorf violated his civil rights by failing to secure him a ride from Lewis County Jail to King County Jail for a hearing and apparently did not represent him adequately.   Similarly, Bell's claim against Jean is that, in 2004, Jean failed to take certain actions on his behalf which led to him being falsely arrested and imprisoned.   Likewise, Bell's claim against Varnado-Rhodes is that Varnado-Rhodes failed to adequately represent him in dependency proceedings held in 2005 and 2006.   All of these claims fail because Bell did not file the claims within the three-year statute of limitations. See RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1058 (9th Cir. 2002).   In addition, even if he had filed within the time limit, Hoekendorf and Jean were not state actors for purposes of § 1983 liability.   See Polk County v. Dodson, 454 U.S. 312, 325 (1981)(finding public defenders are not state actors for purposes of § 1983 liability).   With respect to Israel, the Court finds Bell fails to state a plausible claim.   Israel was the counsel for the children's mother, not Bell.   In sum, the Court DISMISSES Bell's claims against Hoekendorf and Jean with prejudice and GRANTS Varnado-Rhodes's summary judgment motion because Bell's claims are time-barred.   The Court DISMISSES Bell's claims against Israel with prejudice because Israel was not a state actor and, as counsel for Bell's wife, not Bell, could not have violated his constitutional rights.

Third, Bell's claims against Community Correction Officer Lee fail because they are time-barred. Even if Lee engaged in a conspiracy to extradite Bell to California in 2004, Bell did not file his claim within the three-year statute of limitations. Id.  Despite Bell's lengthy objections, Bell presents no argument to the Court suggesting the statute of limitations does not apply.  The Court DISMISSES Bell's claims against Lee with prejudice.

Fourth, Bell's claims against the CASA program defendants fail because the Rooker-Feldman doctrine divests this Court of jurisdiction to review the validity of the state proceedings regarding Bell's parental rights.  The Rooker-Feldman doctrine prevents federal courts from second-guessing state-court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments.  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).  Bell's claim is a de facto appeal of the state court's decision to terminate his parental rights.  Even if the state court decision was in error, this Court lacks jurisdiction to consider Bell's claim.  The Court DISMISSES Bell's claims against the CASA program defendants with prejudice.

2. Other Motions

A. Defendants' Motion for Vexatious Litigant Order

The DHHS Defendants request a vexatious litigant order that bars Bell from filing against them without prior leave of the Court. See 28 U.S.C. § 1651(a).  A pre-filing order is granted only after cautious review because such sanctions "tread on a litigant's due process right of access to the courts."  Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007).  Here, Bell sued DHHS once in a related federal proceeding. See Bell v. DSHS, No. C07-72-JCC (W.D.Wash., filed Jan. 12, 2007).  The Court finds this is not vexatious.  Since it

would threaten Bell's access to the courts to enter a pre-filing order, the Court DENIES the motion.

   B.  Bell's Motions

   Bell filed several non-dispositive motions, all of which the Court finds unavailing. First, Bell filed motions to strike evidence and exhibits offered to support DHHS Defendants' motion for summary judgment. (Dkt. Nos. 158 and 159.)   Given that the documents were accompanied by declarations testifying to their accuracy, the documents submitted were properly authenticated and the Court finds no basis for striking them.  See Fed. R. Evid. 901(b)(1).  The Court DENIES Bell's motions to strike.

   Second, the Court agrees with Magistrate Judge Theiler's recommendation regarding Bell's motion for issuance of a subpoena.   (Dkt. No. 162.)   Bell fails to articulate with particularity how the requested depositions would allow him to respond to any of the dispositive motions.   While Bell believes the motion for a subpoena detailed the exact evidence he hoped to elicit, Dkt. No. 162, the Court finds Bell's motion fails to explain how any of the requested information is relevant to his action.   Bell's motion is DENIED.

   Third, Bell's motion to enjoin the state court judgment, motion for removal, motion for reconsideration of an order denying reconsideration, motion to strike Varnado-Rhodes's motion for summary judgment, and motion for a writ of mandamus are DENIED as meritless. (Dkt. Nos. 116, 131, 135, 163 and 165.)   As discussed above, this Court cannot enjoin a state court judgment under the Rooker-Feldman doctrine.   In addition, despite lengthy objections, Bell has not shown the drastic and extraordinary remedy of a writ of mandamus should issue to require three judges to consider this civil action at the district court level.   See Ex parte Fahey,

332 U.S. 258, 259-60 (1947).   The Court DENIES Bell's motions as meritless.

    3.  <u>Revokation of IFP status on appeal</u>

The Court has found all of Bell's claims against Defendants frivolous.   In addition to inundating the Court with frivolous motions, Bell has filed objections to the Magistrate Judge's Report and Recommendation that far exceeds the twelve-page limit.   Thus, the Court certifies that any appeal of this matter by Bell would not be taken in good faith and revokes Plaintiff's <u>in forma pauperis</u> status on appeal.   28 U.S.C. § 1915(a)(3); <u>see also</u> <u>Hooker v. American Airlines</u>, 302 F.3d 1091, 1092 (9th Cir. 2002)(revocation of IFP status is appropriate where district court finds the appeal to be frivolous). Bell may re-apply to the United States Court of Appeals for the Ninth Circuit for IFP status on appeal.

    4.  <u>Defendant Sharon Stephens</u>

The Court observes Magistrate Judge Theiler's Report and Recommendation did not address Sharon Stephens.   Sharon Stephens was not served and is the only remaining Defendant.   (<u>See</u> Dkt. No. 52 (mail returned as undeliverable).)   Under Rule 4(m), a defendant must be served within 120 days after the complaint is filed.   Fed. R. Civ. P. 4(m). On behalf of Bell, the Court attempted to serve Stephens by mail.   However, based on the address provided by Bell; the mailing was returned as undeliverable.   (Dkt. No. 52.)   The Court ORDERS Bell to provide the Court with an accurate address for Stephens within twenty (20) days of entry of this Order; otherwise, the Court will dismiss without prejudice all claims against Sharon Stephens.

\\

\\

**Conclusion**

The Court does hereby find and ORDER:

(1) The Report and Recommendation is ADOPTED;

(2) The motions to dismiss filed by Vera Jean, Dennis Lee, David Hoekendorf, David Israel, the King County Defendants (Maria Milano, Lori Irwin, and Heidi Nagel) (Dkts. 68, 72, 73, 87, 90) are GRANTED and these claims are DISMISSED with prejudice;

(3) The motions for summary judgment in favor of Sharon Varnado-Rhodes and the DHHS Defendants (Duane Minnis, Jennifer Jackson, Corliss Nystrom, Theresa Burton (previously Theresa Farrow), Mary Marrs, and Daryllyn Harris) (Dkts. 123, 142) are GRANTED;

(4) The other pending motions (Dkts. 88, 116, 131, 135, 158, 159, 162, 163, 165) are DENIED;

(5) Plaintiff's in forma pauperis status on appeal is REVOKED;

(6) Plaintiff's motion to continue time to object is GRANTED and both of his objection briefs were considered (Dkt. No. 172); and

(7) Plaintiff is ORDERED to provide the Court with the correct address of Defendant Sharon Stephens within twenty (20) days of entry of this Order; otherwise she will be dismissed without prejudice.

\\

\\

\\

ORDER
PAGE -8

The Clerk of Court is directed to send copies of this Order to plaintiff and to Magistrate Judge Mary Alice Theiler.

DATED this 9th day of January, 2012.

Marsha J. Pechman
United States District Judge

ORDER
PAGE -9